AFFIRM; Opinion Filed November 29, 2012



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00704-CR
No. 05-11-00705-CR
No. 05-11-00706-CR
No. 05-11-00707-CR

## LUTHER FITZGERALD STINSON
## A/K/A LUTHER FITZGERALD STINSON, JR., Appellant

V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 366-82010-10, 366-82011-10, 366-82777-10, and 366-82811-10

## OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice FitzGerald

A jury convicted appellant Luther Fitzgerald Stinson[1] of three counts of aggravated robbery and one count of engaging in organized criminal activity. On appeal, appellant complains of the admission of a witness's in-court identification testimony during the first phase of the trial and of the admission of certain extraneous-offense evidence during the punishment phase. We affirm.

---

[1] Two of the judgments of conviction refer to appellant as Luther Fitzgerald Stinson. The other two refer to him as Luther Fitzgerald Stinson, Jr.

## I. BACKGROUND

Three separate armed robberies were committed in Collin County between about midnight and 2 a.m. on August 9, 2010. Each robbery took place in a different apartment-complex parking lot, and each was committed by two men working together. The robbers fled the scene of the third robbery on foot, and police investigators found a stolen car nearby with its doors open and engine running. The investigators found some items that had been stolen during that night's robberies inside the abandoned car. Appellant's palm print was recovered from the door of the car. The police then obtained a search warrant for an apartment that had been connected to appellant, and on August 11 they executed the search warrant. The apartment manager informed the police that the occupants of the apartment to be searched had been given access to another apartment in the complex because of a water leak, and the manager gave the police permission to search the other apartment as well. The police searched both apartments simultaneously, and appellant was present along with several other people.

After they searched the apartments, the police obtained another search warrant for two vehicles found outside the apartments, one of which was a Ford Taurus. Some 7-Eleven receipts bearing the name Dan Edwards were found inside the Ford Taurus. Further investigation showed that Edwards had been robbed on August 7, and that soon after that robbery appellant and two other people used Edwards's credit cards to make purchases at a 7-Eleven a few blocks from the apartment where the search was performed.

Appellant was indicted for the three robberies and for engaging in organized criminal activity by using Edwards's credit card. He pleaded not guilty, and his cases were tried to a jury. The State called as witnesses not only Edwards and victims of the three robberies that took place on August 9 but also another crime victim named Ashley Brown. Brown was the victim of an attack in Dallas on August 7, the same night Edwards was robbed. Brown was in a car in a hotel

2

parking lot when a partially masked man approached her side of the car and then shot her in the leg. She identified appellant as her attacker.

The jury convicted appellant of all four crimes he was charged with, and it assessed punishment at forty years' imprisonment on each count of robbery and ten years' imprisonment on the count of engaging in organized criminal activity. Appellant timely appealed.

## II. ANALYSIS

Appellant brings three points of error. His first two points concern the admission of a juvenile predisposition report into evidence during the punishment phase of the trial. His third point concerns the admission of the identification testimony of a witness during the first phase of the trial. We will address appellant's third point of error first.

### A. Motion for mistrial

Appellant moved for a mistrial at the end of the first day of trial, and the trial judge denied that motion. The context of that ruling follows. The last witness to testify that day was Ashley Brown, who was shot during an apparent attempted robbery in Dallas on August 7, 2010. This attack happened soon after the Edwards robbery. Brown testified that she and a friend were returning to their hotel late at night. Brown was in the passenger's seat of their car. When they parked in the hotel parking lot, another car pulled up close to them, and Brown saw someone get out of the other car and come up to her window with a gun. The gunman was wearing a bandana across his nose and was not wearing a hat or cap. Brown testified that the gunman had no hair, that his ears were slightly pointed, and that she remembered his eyes. The gunman tapped on the car window, then stepped back and fired his gun, hitting Brown in the leg. She then testified that she was "[a] hundred percent" certain that she saw her assailant in the courtroom, and she

3

proceeded to identify appellant as her assailant.[2] Appellant did not object to her identification testimony. The State then continued its direct examination, which takes up about six and a half pages of reporter's record. Appellant cross-examined Brown, which takes up about nine pages of reporter's record. After a very brief redirect examination, Brown was excused, and the jury was sent out of the courtroom.

After the jury left the courtroom, appellant moved for a mistrial on the ground that Brown's identification of appellant as her attacker was "almost a factual impossibility." He added that the identification testimony was too prejudicial for the jury to set aside, and that the testimony justified a mistrial. The State responded that appellant's complaint went to the weight and credibility of the evidence and was not grounds for a mistrial. The trial judge denied appellant's motion for mistrial, and an appeal, appellant argues that this ruling was error.

Preservation of error is a systemic requirement on appeal, and we should not address points of error that were not preserved for appeal in the trial court. *Wilson v. State*, 311 S.W.3d 452, 472 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). We conclude that appellant failed to preserve his first point of error. If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and any error is forfeited. *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). In this case, appellant contends that admission of Brown's in-court identification of him as her assailant was erroneous. But the State plainly asked her to make that identification, and appellant has shown no reason for waiting until the conclusion of her testimony to raise his complaint instead of objecting as soon as the questions

---

[2] Although the prosecutor did not make a statement such as, "Let the record reflect that the witness has identified the defendant," the State does not contest that Brown adequately identified appellant as the assailant in her testimony.

4

were asked. Accordingly, he did not preserve error. The fact that he raised his complaint by motion for mistrial instead of by objection does not change the analysis. "A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent." *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007); *accord Hamilton v. State*, No. 05-09-00294-CR, 2010 WL 1136524, at *2 (Tex. App.—Dallas Mar. 26, 2010, no pet.) (mem. op., not designated for publication). Appellant's motion for mistrial was untimely under this standard and did not preserve error.

We overrule appellant's third point of error.

## B.     Admission of evidence

In his first and second points of error, appellant complains about the admission of part of State's Exhibit 25, which was a collection of several certified documents that the State introduced during the sentencing phase of the trial. Specifically, appellant argues that the trial judge erred by admitting a six-page predisposition report by the Dallas County Juvenile Department as part of State's Exhibit 25. That report contained allegations that appellant participated in two aggravated robberies in September 2008 when he was fifteen. In his first point of error, appellant argues that admission of the predisposition report violated his rights to confrontation and due process under the Sixth and Fourteenth Amendments to the United States Constitution. In his second point of error, appellant argues that the trial judge erred by admitting the predisposition report because the State did not give him notice of its intent to use that evidence as required by article 37.07 of the Texas Code of Criminal Procedure.

Appellant did not preserve any of his appellate arguments in the trial court. A party's complaint on appeal must comport with his objection in the trial court, and the trial objection must be specific enough to put the trial judge on notice of the objecting party's legal theory. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). In a hearing outside the presence of

5

the jury, appellant argued that the predisposition report was inadmissible because there was no adjudication that appellant had committed the crimes described therein. The judge overruled the objection. Then, when the trial resumed and the State offered State's Exhibit 25, appellant objected that the "unadjudicated offense" was inadmissible because it was "hearsay and not proven." The trial judge overruled the objection.

Appellant did not mention the Constitution, due process, or confrontation in either of his objections. A hearsay objection does not preserve appellate arguments based on the Confrontation Clause. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). Nothing in appellant's objections gave the trial judge notice that appellate was making a due-process objection to the admission of the predisposition report. Appellant's first point of error was not preserved, and we overrule it.

Similarly, appellant did not argue that the trial judge should exclude the predisposition report because the State failed to give appellant notice as required by article 37.07 of the code of criminal procedure. He did not even mention the notice requirement in his objections. Accordingly, he failed to preserve error. *See Tracy v. State*, 14 S.W.3d 820, 825 (Tex. App.—Dallas 2000, pet. ref'd) ("Appellant did not object to the lack of notice at trial; accordingly, no error is preserved for appellate review."). We overrule appellant's second point of error.

## III. DISPOSITION

Having overruled all of appellant's points of error, we affirm the trial court's judgments.

KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110704F.U05

6



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LUTHER FITZGERALD STINSON a/k/a
LUTHER FITZGERALD STINSON, JR.,
Appellant

No. 05-11-00706-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 366th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
366-82777-10).
Opinion delivered by Justice FitzGerald,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 29, 2012.


KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LUTHER FITZGERALD STINSON a/k/a
LUTHER FITZGERALD STINSON, JR.,
Appellant

No. 05-11-00705-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 366th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
366-82011-10).
Opinion delivered by Justice FitzGerald,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered November 29, 2012.


KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LUTHER FITZGERALD STINSON a/k/a
LUTHER FITZGERALD STINSON, JR.,
Appellant

No. 05-11-00704-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 366th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
366-82010-10).
Opinion delivered by Justice FitzGerald,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 29, 2012.

KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LUTHER FITZGERALD STINSON a/k/a
LUTHER FITZGERALD STINSON, JR.,
Appellant

No. 05-11-00707-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 366th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
366-82811-10).
Opinion delivered by Justice FitzGerald,
Justices O'Neill and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 29, 2012.

KERRY P. FITZGERALD
JUSTICE